# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

IN RE:                                        Civil Action 2:17-mc-23
                                                                Chief Judge Algenon L. Marbley
KEVIN BRIAN GUNNELL EL               Magistrate Judge Jolson

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed this action seeking declaratory and injunctive relief against Franklin County Probate, Franklin County Common Pleas Probate Court, and Franklin County Probate Clerk Robert G. Montgomery. (*Id*. at 2). While not entirely clear, Plaintiff's Complaint seems to be based on his allegations that he is a "Moorish American National," who has a right to retain gold taken allegedly taken from "the people" in 1933. (*Id*. at 3). He also claims that Franklin County Probate Clerk Robert G. Montgomery committed "fraud and deceit" "as asserted and confirmed by the Pope's civil orders." (*Id*. at 12).

On September 27, 2019, this Court issued an order finding it unclear why Plaintiff filed this case as a miscellaneous matter, which is an ancillary and supplementary proceeding related to other cases filed in federal courts. (Doc. .4). The Undersigned observed that this action does not appear to be related to another case filed in federal court, nor have similar actions been filed as miscellaneous cases. (*Id*.). Thus, the Court ordered Plaintiff to show good cause within fourteen days why this action should remain as a miscellaneous action and why he should not be charged the full filing fee of $400. (*Id*.).

After that deadline passed, on October 15, 2019, Plaintiff filed a response to the Show Cause Order. (Doc. 5). In his response, Plaintiff contends that there is good cause for this case to remain a miscellaneous action. (*Id*. at 2). He states:

> The Pope's laws are obligatory on this tribunal and per his the Pope's orders he asserted: 'All those (Estates and ESTATES erroneously believed to represent the American States and American State Citizens and which were conveyed by fraud and legal deceit to the United States of America (minor) and more recently to the City-State of the United Nations, are re-venued without exception to the geographically defined American States and the American State Citizens where they shall remain in perpetuity as assets belonging to the rightful and lawful beneficiaries.
> All legal fiction entities however structured and named after the American States and American State Citizens are returned to them and their control, free and clear of any dept, promise, encumbrance or obligation alleged against them as a result of false claims made—in their behalf by officers of the United States of America, Inc. and the UNITED STATES, INC. or by any foreign officials operating the United States of America (minor), or the United Nations City State falsely claiming to—represent them or have jurisdiction over them.'
> Plaintiff El Gunnell Kevin Brian cause of action was filed by the clerk under the civil action case @2:17-mc-23 because the affidavit contract Judicial Notice and Proclamation of Nationality was filed on May 1, 2017 with this tribunal and this case have everything to do with the cause of action injunction filed against Mr. Montgomery in the Probate Court, all other Federal cases are null and void ab initio per orders of Pope's civil orders, this tribunal is to compel their rapid understanding and cooperation.
> The Judicial Notice and Proclamation of Nationality page two 2 first paragraph gives adverse claim to my El Gunnell property bank note-birth Certiciate, Estate Kevin Brian Gunnell as mentioned in the document. See Ohio Revised Code (ORC) 1307.103 UCC 7-103 and ORC 1309.311, UCC 9-311.
> Notwithstanding the Pope's civil orders, Plaintiff El Gunnell Kevin Brian have on record, secure transactions contracts with the Ohio Secretary of State File #OH00161096702 document #201225400191 and on file with the county recorder. The Power of Attorney/Attorney-in-Fact, indemnity bond, Hold Harmless and Indemnity Agreement are valid enforceable contracts as to why Plaintiff El Gunnell Kevin Brian shall not be charged any filing fee of $400. There is special Numbers (Cusip and EIN) on the indemnity bond see documents attached.

(*Id*. at 5).

Plaintiff has not shown good cause for maintaining this action as a miscellaneous case or for his failure to pay the full filing fee. Plaintiff's argument appears to reflect those made by "sovereign citizen" litigants "who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *Baird v. Ammiyhuwd*, No. 1:16-CV-1152, 2017 WL 430772, at *2 (S.D. Ohio Jan. 31, 2017*), report and*

*recommendation adopted*, No. 1:16CV01152, 2018 WL 3524465 (S.D. Ohio July 23, 2018) (quotation marks and citation omitted). However, "[t]he notion that a person is a 'sovereign citizen' and not subject to the laws of the United States has uniformly been rejected by the courts as lacking any foundation in law." *Baird v. Ammiyhuwd*, No. 1:16CV01152, 2018 WL 3524465, at *2 (S.D. Ohio July 23, 2018) (quotation marks and citation omitted); *see also Baird*, 2017 WL 430772 at *2 (citing *El-Bey v. City of Greensboro*, No. 1:10-cv-291, 2010 WL 3242193, at *1 (M.D.N.C. Aug. 16, 2010), *report recommendation adopted as modified*, 2011 WL 255719 (M.D.N.C. Jan. 25, 2011) ("Plaintiff is among a group of individuals, sometimes referred to as 'sovereign citizens,' who claim to be immune from all state and federal laws by virtue of their supposed identities as descendants of indigenous peoples and for other equally absurd reasons. By now, the path of these litigants is well-traveled, as courts have repeatedly rejected their claims as frivolous.")).

Accordingly, there is no basis in law for this case to remain pending as a miscellaneous case nor is there a basis in law supporting Plaintiff's refusal to pay the full $400 filing fee. A litigant must either pay the filing fee, 28 U.S.C. § 1914(a), or submit an in forma pauperis application with accompanying financial information, 28 U.S.C. § 1915(a). Plaintiff has failed to do either, and it is therefore **RECOMMENDED** that this case be **DISMISSED** for failure to pay the filing fee.

IT IS SO ORDERED.

Date: October 17, 2019                          /s/ Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE