# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| IN RE:<br><br>Kevin Brian Gunnell El | :<br>: **Civil Action. 2:17-mc-23**<br>:<br>: **CHIEF JUDGE ALGENON L. MARBLEY**<br>:<br>: **Magistrate Judge Jolson**<br>:<br>:<br>: |

## ORDER

This matter comes before the Court on the Magistrate Judge's October 17, 2019, **Report and Recommendation** (ECF No. 6). Plaintiff, proceeding *pro se*, filed an action seeking declaratory and injunctive relief against Franklin County Probate, Franklin County Common Pleas Probate Court, and Franklin Country probate Clerk Robert G. Montgomery. (ECF No. 2). The Magistrate's Report and Recommendation recommended that Plaintiff's case be **DISMISSED** because there is no basis in law for this case to remain pending as a miscellaneous case and for failure to pay the filing fee (ECF No. 6). This Court **ADOPTS** Magistrate's Report and Recommendation based on an independent consideration of the analysis therein. Plaintiff's case is hereby **DISMISSED**.

## I.   BACKGROUND

On September 12, 2019, Plaintiff filed a complaint seeking declaratory and injunctive relief from Franklin County Probate, Franklin County Common Pleas Probate, and Franklin County Probate Clerk Robert G. Montgomery. (ECF No. 2 at 2). Plaintiff's Complaint seeks to claim rights in gold taken from "the people" in 1933. (*Id.* at 3). Plaintiff also claims County Probate Clerk

Robert G. Montgomery committed "fraud and deceit" because he refused "to recognize" Plaintiff's "Moorish nationality." (*Id.* at 13).

On September 27, 2019, Judge Jolson ordered Plaintiff to show good cause within fourteen days for why his action should remain as a miscellaneous action and why he should not be charged the full civil filing fee of $400, or in the alternative, be required to file a motion to proceed *in forma pauperis*. (ECF No. 4). Plaintiff filed his response to the Show Cause Order on October 15, 2019. (ECF No. 5). In his response, Plaintiff contends good cause was shown because "the Pope's laws are obligatory on this tribunal." (ECF No. 5 at 2). Thereafter, Judge Jolson issued a report recommending that that this case be dismissed because there is no basis in law for this case to remain pending as a miscellaneous case, and Plaintiff failed to pay the filing fee or submit an *in forma pauperis* application. (ECF. No 6 at 3). Plaintiff timely filed an objection to the Report and Recommendation. (ECF No. 7).

## II.     STANDARD OF REVIEW

When objections to a Magistrate Judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Because Defendant has filed objections to the Report and Recommendation, the Court reviews the recommended disposition de novo.

The Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir.

2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). While the standard for construing *pro se* complaints is a liberal one, the complaint still must state a claim such that "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. General Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989)). A *pro se* pleading must still "provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented." *Id.* at 977.

### III.   LAW AND ANALYSIS

Plaintiff's Objection first contends he is not proceeding *pro se* because he has a "Power of Attorney document attached with a UCC Financing Statement Amendment." (ECF No. 7 at 1). Plaintiff misunderstands what it means to proceed *pro se*. A litigant is "*pro se*" when he proceeds "on [his] own behalf" without an attorney. Plaintiff is a *pro se* litigant in this matter because he has not retained counsel. *Abdullah v. New Jersey*, No. CIV.A. 12-4202 RBK, 2012 WL 2916738, at *7 (D.N.J. July 16, 2012).

Next, Plaintiff's Objection appears to contend that the Pope's civil orders, the UCC, Roman Canon Law, and Talmudic Law are binding on this action as "superior bodies of law." (ECF No. 7 at 2-7). As Judge Jolson noted, these contentions resemble those of the "sovereign citizens…who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *Baird v. Ammiyhuwd,* No. 1:16-CV-1152, 2017 WL 430772, at *2 (S.D. Ohio Jan. 31, 2017), *report and recommendation adopted*, No. 1:16CV01152, 2018 WL 3524465 (S.D. Ohio July 23, 2018) (internal citations omitted). The notion that a person is not subject to the laws of the United States is routinely rejected for "lacking any foundation in law" *Id.* Moreover, no matter how Plaintiff wants to "classify his argument… he is subject to the laws of the United States." *United States v. Leugers*, No. 1:16CV614, 2017 WL 393092, at *1 (S.D.

Ohio Jan. 30, 2017). Thus, this Court determines that Plaintiff has failed to show good cause for maintaining this action as a miscellaneous matter.

Instead of paying the filing fee or an *in forma pauperis* application, Plaintiff requests this Court "to take judicial notice" of an indemnity agreement and various other UCC documents he has attached to a filed financing statement. (ECF No. 7 at 10-11). The applicable law here requires Plaintiff to either pay the filing fee required by 28 U.S.C. § 1914(a) or submit an *in forma pauperis* application with accompanying financial information, 28 U.S.C. § 1915(a); *see also Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). Further, similar attempts to evade paying the filing fee or submit an *in forma pauperis* application by submitting UCC documents have been rejected. *See Baird*, 2017 WL 430772, at *3 (S.D. Ohio Jan. 31, 2017), *report and recommendation adopted*, 2018 WL 3524465 (S.D. Ohio July 23, 2018) ("In lieu of proper *in forma pauperis* applications, defendants submit a document entitled "Promissory Note" in the amount of $300,000.00 issued from the "Indiana Republic USA"). Accordingly, Plaintiff's UCC documents are not sufficient to satisfy the requirement that he pay the filing fee or submit an *in forma pauperis* application with accompanying financial information.

For the above stated reasons, Plaintiff's objections to the Magistrate Judge's report are **OVERRULED**. This Court hereby **ADOPTS** the Report and Recommendation based on the independent consideration of the analysis therein. It is hereby Ordered that this case be **DISMISSED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  May 13, 2020**